# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T.D.H. a/k/a "Ms. Henderson,"<br><br>Plaintiff<br><br>v.<br><br>KAZI FOODS OF NEW JERSEY, INC., NERIEDA GARCIA, WANDA, YOMI, JANE/JOHN DOES<br><br>Defendants | **Civil Action No. _____**<br><br>*Electronically Filed*<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

## PRELIMINARY STATEMENT

T.D.H. (Plaintiff) brings this action against Kazi Foods of New Jersey, Inc. (Kazi Foods) and employees thereof (collectively, Defendants). Kazi Foods owns and operates multiple Kentucky Fried Chicken (KFC) restaurants in Pennsylvania. Plaintiff worked at two of Kazi Food's KFC restaurants in Lancaster, Pennsylvania. During Plaintiff's time working there, she was discriminated against based on her race and gender, and sexually harassed and assaulted by management and other employees. Defendants failed to remediate Plaintiff's numerous complaints of sexual discrimination and a hostile work environment. Defendants retaliated against

1

Plaintiff for her complaints. Defendants' conduct led to Plaintiff's constructive discharge.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331, 1343, 1367(a).

2. Venue is appropriate in this Court, pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000(e)-5(f) because the conduct underlying Plaintiff's claims occurred in this district.

3. Plaintiff properly filed her claim of unlawful discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). On January 9, 2023, the EEOC issued Plaintiff a Right to Sue letter. Exhibit A.

## PARTIES

4. Plaintiff is an African American transgender female who resides in Lancaster County, Pennsylvania.

5. Kazi Foods of New Jersey, Inc. is a franchisee who owns and operates multiple Kentucky Fried Chicken (KFC) restaurants in Pennsylvania, it is headquartered in Dauphin County, Pennsylvania.

6. Nerieda "Gigi" Garcia (Garcia) is a general manager for Kazi Food's KFC restaurant located at 2333 Rockvale Road, Lancaster, Penn. 17603 ("the Rockvale Road KFC").

7. Wanda is a general manager for Kazi Food's KFC restaurant located at 1533 Columbia Avenue, Lancaster, Pennsylvania 17603 ("the Columbia Avenue KFC").

8. Yomi is a manager at Kazi Food's KFC restaurant located at 1533 Columbia Avenue, Lancaster, Pennsylvania 17603.

9. John and Jane Does.

## FACTUAL STATEMENT

10. On or before May 2, 2022, Plaintiff was interviewed for a position at the Columbia Avenue KFC with the general manager, Wanda.

11. During the interview, Plaintiff told Wanda that she is transgender and her preferred name is Tiffany. Plaintiff asked Wanda if she was okay with hiring an LGBTQ person and Wanda responded that there should not be any problems with that.

12. On or about May 2, 2022, Plaintiff was hired to work the kitchen and drive-through at the Columbia Avenue KFC.

13. During Plaintiff's first shift, Wanda, in front of customers and other employees, asked Plaintiff "do you go by he or she?"

14. Plaintiff was humiliated.

15. After this, Plaintiff heard manager Yomi, and other employees calling her "transvesto," Spanish for transvestite, and calling her a man.

16. During Plaintiff's second shift, on or about May 3rd, another employee, Malso, told Plaintiff that the food was free for employees. This was a lie; taking the food without paying for it was grounds for termination.

17. Plaintiff complained to Wanda about the hostile work environment caused by Yomi and the other employees.

18. Yomi's girlfriend tried to fight Plaintiff in the parking lot because she complained to Wanda.

19. Due to Plaintiff's disagreement with management over how she was being treated, the regional manager wanted to fire her.

20. On May 4th, Plaintiff called KFC's corporate customer support number to report the harassment.

21. On May 5th, Wanda called Plaintiff and told her that she would be transferred to another store or fired. Plaintiff chose to transfer.

22. That afternoon, Plaintiff reported to the Rockvale Road KFC.

23. When Plaintiff walked into the office, Garcia immediately began commenting on Plaintiff's appearance. Garcia repeatedly told Plaintiff she was "so sexy" and "beautiful."

24. While Plaintiff was speaking with a customer in the drive-through on a headset, Garcia commented to Plaintiff that Plaintiff had "a very sexy voice."

25. On or about May 8th, Garcia told Plaintiff through the headset that Plaintiff had a "fat ass."

26. That day, Garcia acknowledged what she was doing was sexual harassment but told Plaintiff that Kazi Foods could not fire her because they needed someone to run the restaurant. Garcia said she was going to keep doing it because "You are so sexy that I have to tell you."

27. Sometime during the following week, Garcia touched Plaintiff's butt and told Plaintiff it was "soft," then asked "how can you handle anal sex? Because it hurts me too much."

28. On other occasions, Garcia would intentionally press her breasts against Plaintiff's body when assisting her in the drive-through area.

29. Plaintiff tried to address the sexual harassment with Garcia privately in the office. During this encounter, Garcia made Plaintiff show her breasts, Garcia touched Plaintiff's breasts, and commented "I thought you didn't have any."

30. On or around May 10th, Garcia hugged Plaintiff, purposely rubbing her breasts against Plaintiff's breasts.

31. On or around May 11th, Garcia grabbed Plaintiff's phone and started looking through it for "naked pictures of you and your penis."

32. Garcia was responsible for making the schedule.

33. Plaintiff requested Garcia schedule her for different shifts, shifts that Garcia was not working. Garcia denied Plaintiff's request.

34. Around this time, Plaintiff began lying to Garcia about needing to work different hours due to medical needs. This was unsuccessful and Plaintiff was still scheduled to work with Garcia, her abuser.

35. On or around May 15th, Plaintiff told Garcia to stop sexually harassing her. When Garcia said that she would not stop, Plaintiff reported the harassment to corporate.

36. On May 21st and 22nd, Plaintiff called KFC's corporate customer service number to report the hostile work environment, sexual harassment, and sexual assault. On May 22nd, the representative she spoke with gave her a number for human resources. Plaintiff then reached out to human resources.

37. On May 23rd, Garcia reported to human resources that she had been accused of sexual harassment by Plaintiff and was uncomfortable working with her.

38. That afternoon, F. Dean Morgan, Esquire, Director of Risk Management for Kazi foods emailed Plaintiff regarding Garcia's allegations. Morgan informed Plaintiff that she would be suspended pending an investigation into the allegations. Morgan requested additional information regarding Plaintiff's report to corporate and the allegations.

39. On May 24th, Plaintiff provided Morgan with the requested information over several emails. Plaintiff supplied dates, times, and locations for the numerous instances of sexual harassment and assault. Plaintiff requested Morgan view the surveillance videos from the restaurants.

40. Thereafter, that day via email, Morgan advised Plaintiff not to contact Garcia during the investigation. Morgan told Plaintiff received her request for a transfer from Garcia and asked if there was a particular store Plaintiff would like to transfer to. Plaintiff replied, Manheim [Pike KFC in Lancaster, Penn.].

41. On May 26th, Morgan produced a Risk Management Investigative Summary surmising his investigation and finding there was insufficient evidence to prove or disprove the allegations.

42. Morgan's investigation entailed interviewing Plaintiff and Garcia. There is no indication that Morgan reviewed, or attempted to review, the "around-the-clock footage from as many as 12 different cameras" located at the restaurant.

43. That day, Morgan relayed his findings to Plaintiff. Morgan informed her that he recommended to the Market Coach that her transfer request be granted if there is an open position and told her the Market Coach or Manheim RGM would be in contact with her to discuss further. Morgan advised Plaintiff that her suspension was terminated and she would be eligible for work as soon as her transfer was complete.

44. Plaintiff awaited a transfer that never came. Plaintiff never heard from anyone regarding her transfer.

45. Eighth days later, on June 3rd Plaintiff emailed Morgan regarding her last check from the Rockvale Road KFC as it had not been deposited via direct deposit. Plaintiff alleged that Garcia had intentionally tampered with entering Plaintiff's direct deposit information.

46. Morgan advised Plaintiff that he forwarded the matter to the Human Resources Advisor for investigation.

47. Shortly thereafter, Morgan advised Plaintiff that she would be paid on June 6th for 7.75 hours for May 16th – 19th and to contact him if she still did not receive payment.

48. Plaintiff responded by disputing the hours worked and suggesting that KFC hire more professional individuals because her time working there had been disgusting, horrible, and degrading.

49. Morgan construed Plaintiff's email to be a resignation.

50. Plaintiff clarified that she did not quit and that after repeatedly trying to contact the Manheim Pike KFC, nobody had called her or returned her calls.

51. Plaintiff further stated that she was sick of being played with and discriminated against and was calling her lawyers.

52. Morgan responded that Plaintiff's language in her emails was unacceptable and that he recommended her termination.

53. Thereafter, Plaintiff was terminated.

54. On July 26, 2022, Plaintiff filed a charge of discrimination with the EEOC.

55. Following its investigation, the EEOC issued a Right to Sue letter on January 9, 2023.

## CLAIMS

## COUNT I

**Discrimination in Violation of Title VII**

56. Plaintiff hereby incorporates the foregoing paragraphs, as if set forth herein.

57. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.,* prohibits discrimination in the workplace based on gender.

58. Plaintiff is a member of a protected class as a transgender female.

59. Plaintiff was qualified for her position with Kazi Foods.

60. Plaintiff was repeatedly sexually harassed and battered in the workplace.

61. Specifically, Defendant Wanda humiliated Plaintiff by asking her in front of customers and other employees whether Plaintiff 'went by he or she?'

62. Plaintiff was called a "transvesto" and lied to by other employees.

63. Wanda failed to act when Plaintiff reported that other employees were harassing her regarding her gender.

9

64. In response to Plaintiff's complaint, Wanda gave her an ultimatum: be transferred or terminated.

65. Defendant Garcia verbally and physically battered Plaintiff on numerous occasions.

66. Garcia grabbed Plaintiff's butt and asked her about anal sex.

67. Garcia forced Plaintiff to expose her breasts and touched them.

68. Garcia intentionally rubbed against Plaintiff's person in a sexual manner on multiple occasions.

69. Garcia repeatedly and intentionally commented on Plaintiff's physical appearance in an inappropriate and offensive manner.

70. When Plaintiff tried to complain to corporate, she was constructively terminated.

71. Defendants' differential treatment of Plaintiff was substantially motivated by her gender.

72. Defendants' acts and omissions violate Title VII and were done with malice and/or reckless indifference.

73. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered humiliation, embarrassment, and emotional distress.

74. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered damages and losses, and has incurred attorney's fees and costs.

## COUNT II

## Disparate Treatment in Violation of Title VII

75. Plaintiff hereby incorporates the foregoing paragraphs, as if set forth herein.

76. During her employment with Kazi Foods, Plaintiff was subjected to repeated sexual harassment and battery by management and other employees.

77. Plaintiff was singled out and called a "transvesto" by managers and other employees.

78. Plaintiff was repeatedly sexually harassed and battered by Defendant Garcia.

79. Garcia told Plaintiff that she was sexually harassing her based on Plaintiff's gender.

80. Garcia told Plaintiff she knew that she was sexually harassing Plaintiff but was going to continue to do it because Kazi Foods needed someone to run the restaurant.

81. When Plaintiff reported the sexual harassment and battery to human resources, she was suspended without pay pending investigation.

82. After an the investigation, Plaintiff was constructively discharged.

83. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered damages and losses, and has incurred attorney's fees and costs.

## COUNT III

## Harassment Quid Pro Quo in Violation of Title VII

84. Plaintiff hereby incorporates the foregoing paragraphs, as if set forth herein.

85. Plaintiff was forced to submit to management and other employees' sexual harassment and battery or she would have been terminated.

86. Plaintiff was forced to submit to Defendant Garcia's unwanted and unwelcome sexual harassment and battery for her employment to continue.

87. Plaintiff requested Garcia change her shift but was denied because Garcia wanted to continue harassing and assaulting Plaintiff because of her gender.

88. When Plaintiff complained to management above Garcia, her employment status was materially changed via suspension, then discharge.

89. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered damages and losses, and has incurred attorney's fees and costs.

## COUNT IV

## Hostile Work Environment in Violation of Title VII

90. Plaintiff hereby incorporates the foregoing paragraphs, as if set forth herein.

91. Plaintiff was forced to submit to Defendant Garcia's unwanted and unwelcome sexual harassment and battery.

92. Plaintiff was forced to submit to other managers' and employees' sexual harassment.

93. This occurred repeatedly at two different locations during the month-long period that Plaintiff was employed with Kazi Foods.

94. Plaintiff suffered humiliation, embarrassment, and emotional distress as a result of this conduct.

95. Plaintiff was also suspended without pay, then constructively terminated for reporting this conduct.

96. Respondent superior liability exists as most of the offensive conduct was perpetrated by management.

97. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered damages and losses, and has incurred attorney's fees and costs.

## COUNT V

### Retaliation in Violation of Title VII

98. Plaintiff hereby incorporates the foregoing paragraphs, as if set forth herein.

99. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000€ *et seq.,* prohibits discrimination in the workplace based on gender.

100. Plaintiff engaged in a protected activity when she reported the gender based sexual harassment and battery she was experiencing to human resources.

101. Plaintiff was suspended, then constructively discharged following her report.

102. There is a causal nexus between Plaintiff's protected activity and her ultimate suspension and discharge.

103. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered damages and losses, and has incurred attorney's fees and costs.

## COUNT VI

### Violation of 42 U.S.C. § 1981

104. Plaintiff hereby incorporates the foregoing paragraphs, as if set forth herein.

105. § 1981 protects individuals from gender discrimination when making and enforcing contracts.

106. Defendants engaged in unlawful gender discrimination against Plaintiff, which was severe, perverse, and adversely affected her terms and conditions of employment.

107. Defendants failed to remediate Plaintiff's internal complaints of unlawful gender discrimination, that came in the form of sexual harassment and battery, and, in the process, condoned and/or acquiesced to the unlawful discriminatory conduct.

108. Plaintiff complained about the harassment she was experiencing based on her gender at the Columbia Avenue KFC and was presented with an ultimatum: be transferred or terminated.

109. After Plaintiff's transfer to the Rockvale Road KFC, the harassment continued and escalated to sexual battery when Garcia repeatedly touched Plaintiff in an inappropriate and offensive manner.

110. When Plaintiff complained about the sexual harassment and battery at the Rockvale Road KFC, she was suspended without pay for the investigation.

111. After the investigation concluded, Plaintiff was supposed to be contacted regarding a transfer, however, that transfer never came.

112. Plaintiff was constructively discharged on May 26, 2022.

113. Plaintiff was compelled to work in an environment where management openly sexually assaulted and harassed Plaintiff because of her gender and permitted other employees to sexually harass Plaintiff because of her gender.

114. Defendants intentionally impaired and restricted Plaintiff's contractual rights and benefits in violation of 42 U.C.S. § 1981.

115. Defendants' violation of Plaintiff's rights was intentional, malicious and in reckless disregard for Plaintiff's civil rights in violation of 42 U.C.S. § 1981.

116. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages and losses, and has incurred attorney's fees and costs.

## COUNT VII

## Intentional Infliction of Emotional Distress

117. Plaintiff hereby incorporates the foregoing paragraphs, as if set forth herein.

118. Defendant Garcia intentionally or recklessly, by her extreme and outrageous conduct in repeatedly sexually assaulting and battering Plaintiff in the workplace, caused severe emotional distress to Plaintiff.

119. Garcia touched Plaintiff's butt and made inappropriate comments about it.

120. Garcia forced Plaintiff to expose her breasts and touched them.

121. Garcia intentionally and unnecessarily rubbed her person against Plaintiff's person in an inappropriate and offensive manner.

122. Garcia acknowledged her conduct was inappropriate and told Plaintiff she would keep doing it.

123. Plaintiff was forced to continue working with Garcia, as Garcia was unwilling to schedule Plaintiff on a different shift.

124. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under Pennsylvania law.

125. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered humiliation, embarrassment, and emotional distress.

126. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered damages and losses, and has incurred attorney's fees and costs.

## COUNT VIII

### Assault as to Defendant Garcia

127. Plaintiff hereby incorporates the foregoing paragraphs, as if set forth herein.

128. Defendant Garcia repeatedly told Plaintiff that she was "beautiful" and "sexy" and that she wanted to touch Plaintiff's butt.

129. This happened on more than one occasion.

130. Defendant Garcia acknowledged that her conduct toward Plaintiff was inappropriate.

131. Defendant Garcia telling Plaintiff that she was going to touch Plaintiff's person made Plaintiff apprehensive of the offensive contact.

132. As such, Defendant Garcia committed the tort of assault against Plaintiff under Pennsylvania law.

133. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages and losses, and has incurred attorney's fees and costs.

## COUNT IX

### Battery as to Defendant Garcia

134. Plaintiff hereby incorporates the foregoing paragraphs, as if set forth herein.

135. Defendant Garcia touched Plaintiff in an offensive and inappropriate manner on multiple occasions.

136. Defendant Garcia intentionally grabbed Plaintiff's butt and made inappropriate comments about it.

137. Defendant Garcia forced Plaintiff to expose her breasts and Garcia touched Plaintiff's breasts.

138. Defendant Garcia intentionally rubbed her person against Plaintiff on multiple occasions in an unnecessary, inappropriate, and offensive manner.

139. As such, Defendant Garcia committed the tort of battery against Plaintiff under Pennsylvania law.

140. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages and losses, and has incurred attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that Defendants be held jointly and severally liable for:

A. Compensatory damages for economic losses, emotional distress, humiliation, and pain and suffering;

B. Punitive damages;

C. Reasonable attorneys' fees and costs;

D. Declaratory, injunctive, and other equitable relief; and

E. Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial.

Respectfully submitted,

 /s/ Leticia C. Chavez-Freed
Leticia C. Chavez-Freed, Esq.
PA Bar ID 323615
The Chavez-Freed Law Office
2600 N. 3rd Street, 2nd Floor
Harrisburg, PA. 17110
(717) 893-5698
leticia@chavez-freedlaw.com

*Counsel for Plaintiff*

Dated: February 18, 2023