UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T.D.H., a/k/a "Ms. Henderson," : | |
|     Plaintiff : | Case:  5:23-CV-00634-JMG |
| : | |
| v. : | |
| : | JURY TRIAL DEMANDED |
| KAZI FOODS OF NEW JERSEY, INC. : | |
| NERIEDA GARCIA, WANDA, YOMI, : | |
| JANE/JOHN DOES, : | |
|     Defendants : | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION TO PROCEED UNDER PSEUDONYM

"[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public." ***Doe v. Megless,*** et.al., 654 F.3d 404 (3rd Cir. 2011) *quoting* ***Daubney v. Cooper,*** 109 Eng. Rep. 438, 441 (K.B. 1829); ***Nixon v. Warner Cmmc'ns, Inc.,*** 435 U.S. 589, 598-99, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). Parties to a lawsuit are required to identify themselves in their respective pleadings. Fed.R.Civ.P. 10(a). Rule 10(a) specifically provides, "the title of the complaint must name all the parties." Here, Plaintiff identifies herself[1] under a pseudonym, T.D.H., a/k/a/ "Ms. Henderson."

Rule 10(a) illustrates the principle that judicial proceedings are to be conducted in public." ***Megless,*** 654 F.3d at 408, *quoting* **Doe v. Blue Cross & Blue Shield United**, 112 F.3rd 869, 872 (7th Cir. 1997). The people have a right to know who is using their courts. ***Id.*** A plaintiff's use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings, ***Megless,*** 654 F.3d at 408.

To proceed under a pseudonym, a Plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." ***Megless,*** 654 F.3d at 408. It is not enough that a plaintiff may suffer embarrassment or economic harm. ***Id.***

---

[1] Plaintiff identifies as a transgender female. Throughout the pleadings, she uses the pronoun she. Defendants respect Plaintiff's right to self-identify as a female and her use of female pronouns and, as such will use female pronouns throughout.

1

Here, Plaintiff asks the Court to allow her to proceed under a pseudonym. Defendants submit: (1) Plaintiff has failed to meet her burden and (2) her prior litigation in a substantially similar case less than 18 months ago demonstrates her claims are without merit.

### The Love's Matter

On January 11, 2022, Plaintiff filed a Complaint in the Middle District of Pennsylvania against Love's Travel and Country Stores, Inc. wherein she did not seek to proceed under a pseudonym. ***Henderson v. Love's Travel Stops & Country Store, Inc.*** at docket 1:22-cv-00059-YK (hereinafter the "Love's Matter").

In the Love's Matter, like the present case, Plaintiff alleged that she worked for and employer for a short period of time and was subject to alleged acts of discrimination due to her status as a black transgender female. She filed a lawsuit alleging seven (7) counts under Title VII and 42 U.S.C. §1981. In her current motion, Plaintiff failed to identify any negative consequences arising out of her use of her legal name in the Love's Matter.

### The Present Case

On February 1, 2023, Plaintiff filed a Complaint (ECF 1) using the pseudonym "T.D.H., a/k/a 'Ms. Henderson.'" In the Complaint, Plaintiff asserts five (5) counts of Violations of Title VII, one (1) count of Violation of 42 U.S.C. §1981, and three (3) tort claims allegedly arising during her brief period of employment for Defendant Kazi Foods of New Jersey, Inc. (hereinafter "Kazi"). Defendant Kazi denies these allegations and believes all to be fabricated claims.

In ***Megless,*** the Third Circuit Court adopted this Court's non-exhaustive list of factors to be weighed both in deciding whether a litigant may be permitted to proceed under a pseudonym. See ***Doe v. Provident Life and Acc. Ins. Co***., 176 F.R.D. 464, 467 (E.D. PA 1997). The factors in favor of anonymity included:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the

2

> substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 467-68. On the other side of the scale, factors disfavoring anonymity included:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.*; **Megless,** 654 F.3d at 409. The ***Provident Life*** Court noted that its list of factors is not comprehensive, and that trial courts "will always be required to consider those [other] factors which the facts of the particular case implicate." *Id.* at 468.

<u>**Factors in Favor of Anonymity**</u>

*Factor 1: The extent to which the identity of the<br>litigant has been kept confidential*

Plaintiff makes a bare assertion that she has taken steps to ensure this matter remains confidential and filed under the pseudonym. She does not explain those steps. Examples of steps that a plaintiff may take to ensure that the matter remains confidential are set forth in ***Doe v. Genesis Healthcare***, 535 F.Supp. 3d 335 (E.D. PA 2021) as discussed below.

Here, Plaintiff has failed to produce any such evidence. Moreover, Plaintiff has self-identified as a transgender person in a 2022 lawsuit wherein she filed under her legal name. Plaintiff failed to cite a single negative consequence arising out of her use of her legal name in the Love's Matter.

*Factor 2: The bases upon which disclosure is feared
or sought to be avoided, and the substantiality of these bases*

There is no doubt that black transgender women face substantial discrimination and the potential for harm. In *Genesis*, the plaintiff supported her argument with specific facts related to her own treatment by the defendants and her effort to "avoid additional threats or future harmful interactions with co-workers based on her transgender status and similar to those that allegedly marked her employment with Defendants." *Genesis* at 340. However, there is a substantial difference between *Genesis* and the present case.

First, the plaintiff in *Genesis* cited specific local statistics related to violence against transgender individuals in Philadelphia. *Genesis* at 340. Plaintiff has failed to identify any statistics related to the treatment of transgendered individuals in Lancaster, Pennsylvania.

Second, the plaintiff in *Genesis* submitted a verified declaration setting forth five (5) very specific assertions in support of her motion. *See* **Doe v. Genesis Health Care**, 2:21-cv-551-CMR (E.D.PA), *Motion to Proceed Under Pseudonym*, Exhibit A (ECF 2-1). In the present case, the Plaintiff has made no such sworn declaration, nor has she set forth any factors – relative to herself - that favor proceeding under a pseudonym.

The declaration in *Genesis* included the following factors that are not present here: (1) Doe presented herself in public as a female and did not public identify herself as transgender – instead keeping her identity confidential; (2) Each of the persons/agencies to whom she revealed herself to be transgender were close friends/family or those who had a need to know; (3) Other than those who had a need to know, Doe's identity was kept secret; (4) Doe cited a specific individualized need to maintain her confidentiality, "I fear there would be violence against me if my name and address are disclosed in this lawsuit.." in support of her declaration that she would "drop the lawsuit to avoid being outed here beyond an extent to which I am comfortable." Here, Plaintiff identifies as transgender and does not seek to keep her identity a secret.

4

Third, the plaintiff in *Genesis* asserted she suffered from gender dysphoria, which is a medical condition for which she is entitled to medical privacy. Plaintiff makes no such claim.

Finally, the plaintiff in *Genesis* did not previously file a federal lawsuit using her legal name and identifying herself as transgender. Plaintiff has failed to identify a single issue related to her use of her legal name in the Love's Matter that would indicate that she has any personal basis for fear.

*Factor 3: The magnitude of the public interest in*
*maintaining the confidentiality of the litigant's identity*

In support of her argument, Plaintiff cites a general public interest in protecting the victims of sexual assault. She does not establish a personal basis for that protection to be extended to her. She merely states that she is not a public figure and that there is no public interest in the disclosure of her identity.

As set forth above, Plaintiff has previously filed a lawsuit under her legal name in 2022 wherein she made similar allegations of discriminatory behavior based upon her status as a transgender individual. Plaintiff has failed to cite a single instance where the use of her legal name resulted in any negative consequences.

*Factor 4: Whether, because of the purely legal nature of the issues*
*presented or otherwise, there is an atypically weak public interest*
*in knowing the litigant's identities*

This is not a mere contract dispute where the parties are arguing about the placement of a comma in a clause. Here, Plaintiff has made claims that she was discriminated against and sexually assaulted by an employee of a business that employs dozens of individuals throughout Central Pennsylvania. Moreover, the affiliated companies operated under the unique surname, Kazi, employ hundreds of individuals throughout the United States. As more fully set forth below, there is a substantial risk of harm to Defendants Kazi and Garcia by the mere filing of this lawsuit.

Evidenced by her prior lawsuit under her legal name, no such risk of harm exists for Plaintiff.

### Factor 5: The undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified

Plaintiff alleges that she "would be inclined to discontinue litigation if her identity is revealed to the public" due to the safety and related concerns she cites in her argument that she should be permitted to sue under a pseudonym.

Plaintiff's assertion that she would not proceed is merely a recitation of the reason cited in *Genesis*. Moreover, it lacks credibility. Her assertions of risk are belied by Plaintiff's conduct in the Love's Matter wherein she proceeded under her legal name to complain about similar alleged discriminatory actions, but appears to have suffered no harm as a consequence of filing suit under her legal name.

### Factor 6: Whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Plaintiff makes a bare recital that she has no ulterior motives. Plaintiff is a serial litigant. In addition to the present case, Plaintiff has filed lawsuits against Dauphin County and its employees (3:21-cv-771, filed 04/28/2021); Love's Country Stores, Inc. (1:22-cv-0059-YK, filed 01/11/2022); and Middletown Police Department and its employees (1:22-cv-1459, filed 09/19/22). In the cases against Dauphin County and Middletown, Plaintiff appears to have proceeded under a pseudonym without first seeking the Court's permission.

Plaintiff is a serial litigant who has filed four lawsuits in less than twenty-two months. However, a search of the public docket under Plaintiff's legal name reveals only her lawsuit against Love's. The public has the right to know who is using their Courts. Serial litigants such as Plaintiff should not be permitted to hide behind a cloak of anonymity while making unsubstantiated allegations against named defendants.

**<u>Factors Disfavoring Anonymity</u>**

*Factor 1: The universal level of public interest
in access to the identities of litigants*

It is a principle that judicial proceedings, civil as well as criminal, are to be conducted in public. ***Doe v. Blue Cross & Blue Shield United***, 112 F. 3d 869, 872 (7th Cir. 1997). The people have a right to know who is using their courts. ***Megless,*** 654 F.3d at 408, *citing* **Blue Cross**. A plaintiff's use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings. ***Id.***

*Kazi Foods of New Jersey, Inc.*

The mere filing of a civil action against other private parties may cause damage to their good names, and reputation and may also result in economic harm. ***Southern Methodist University Ass'n v. Wynne & Jaffe***, 599 D. 2d 707 (5th Cir. 1979).

Kazi Foods of New Jersey, Inc. and its affiliated companies make up one of the largest franchisee networks in the United States. Whether it is during contract negotiations with the franchisor, insurance acquisition, financing transactions, defending against other types of lawsuits (contract, tort, etc.), or addressing state and federal regulators the litigation history of the company is an important factor considered by the government, business partners, insurers, bankers, and others.

A mere allegation that any of the Kazi companies does not embrace the principles of Diversity, Equity, and Inclusion can cause substantial harm to its reputation as well as severe economic harm. Where, as here, the company is being accused of discriminatory conduct and an alleged sexual assault that occurred on company property, there is substantial risk of reputational and financial harm.

Those who investigate Defendant Kazi's litigation history are entitled to know the identity of the Plaintiff who sues the company to assess whether the suit was meritorious or just one of the many cases brought by a serial litigant.

*Defendant Garcia*

Plaintiff has made serious allegations against Defendant Garcia. A cursory search of a popular internet search[2] site reveals that there are approximately nine (9) individuals in the United States who share Defendant Garcia's name. Of those, only Defendant Garcia resides in the Commonwealth of Pennsylvania. While Ms. Garcia is still considering her options for filing a counterclaim, the substantial potential harm to Ms. Garcia's reputation must be considered. Plaintiff cannot lodge these unsubstantiated allegations from behind the cloak of anonymity while at the same time sullying the reputation of Defendant Garcia.

*Plaintiff*

Unlike Defendant Garcia, Plaintiff's name is not unique. A cursory search of a popular internet search[3] site reveals that there are at least 478 other individuals who share Plaintiff's legal first and last name. Plaintiff has reported no issues related to the use of her legal name in the Love's Matter. Therefore, it appears that plaintiff continues to enjoy privacy despite being involved in a substantially similar litigation filed less than eighteen months ago.

***Factor 2: Whether, because of the subject matter of this litigation,
the status of the litigant as a public figure, or otherwise,
there is a particularly strong interest in knowing the litigant's identities,
beyond the public's interest which is normally obtained***

Kazi Foods of New Jersey, Inc. stands accused of discriminatory conduct based upon meritless allegations made by an individual who wants to hide behind the cloak of anonymity. Plaintiff admits in her Complaint (ECF) that she lied to her manager to manipulate her schedule. The facts in this case demonstrate that Plaintiff's claims are meritless and likely false.

As fully set forth above, Kazi Foods of New Jersey, Inc. and its affiliated companies make up one of the largest franchisee networks in the United States. Therefore, actions against

---

[2] Spokeo.com, accessed on June 22, 2023 at 2:43 p.m.
[3] Spokeo.com, accessed on June 22, 2023 at 2:46 p.m.

any of the network's entities can draw attention from the franchisor, insurers, and financial organizations who regularly review and analyze the litigation history of the franchise network to make informed decisions related to the economic future of the company.

Those that make business decisions based, in part, on the company's litigation history are entitled to know who is suing the company and if those individuals have, like Plaintiff, a serial litigant seeking to profit from her sexual identity.

*Factor 3: Whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.*

Defendants are seeking to protect their reputation and economic future from the meritless claims of a serial litigant who is using her sexual identity as the foundation for multiple lawsuits.  Defendants believe that the mere filing of a lawsuit by the Plaintiff making such claims has damaged their reputation in the community and can lead to substantial economic harm and reputational harm.

Defendant Kazi has adopted and maintained a strong commitment to the principles of Diversity, Equity, and Inclusion.  As will be revealed during discovery, over the past ten years, Defendant Kazi has not once been sued for discriminatory conduct.  During that same period, every single claim filed against Defendant Kazi with the Pennsylvania Human Relations Commission has been closed without an adverse finding.  Plaintiff's filing of a claim with the Pennsylvania Human Relations Commission was the only claim filed against Defendant Kazi from August 2021 to present.  Diversity, equity, and inclusion is not only a good business decision, but it is also what is best for the diverse employees who work in the company's restaurants.

Defendant Kazi and its employees intend to resolve this matter by showing that Plaintiff's claims are false.  While the company's reputation is on the line, it is only fair that Plaintiff, who has brought these meritless allegations, should be publicly identified.

**Conclusion**

For the reasons set forth above and in consideration that Plaintiff has previously filed a similar suit less than eighteen months ago under her legal name, Plaintiff's request to proceed under a pseudonym, and the reasons she sets forth in support, are without merit.

Defendants respectfully request this Court deny Plaintiff's Motion to Proceed Under Pseudonym.

KAZI FOODS OF NEW JERSEY, INC.
GENERAL COUNSEL


 /s/ F. Dean Morgan
F. Dean Morgan, Esquire
PA Atty ID:   203088
Kazi Foods of New Jersey, Inc.
General Counsel
17 E. Main Street, Suite 100
Hummelstown, PA 17036
(tel) 717-585-3869
(email) fdmorgan@kazigroup.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| T.D.H., a/k/a "Ms. Henderson," | : | |
|     Plaintiff | : | Case:  5:23-CV-00634-JMG |
| | : | |
|   v. | : | |
| | : | JURY TRIAL DEMANDED |
| KAZI FOODS OF NEW JERSEY, INC. | : | |
| NERIEDA GARCIA, WANDA, YOMI, | : | |
| JANE/JOHN DOES, | : | |
|     Defendant | : | |

**CERTIFICATE OF SERVICE**

I, F. Dean Morgan, Esquire, certify that I did, this 23rd day of June 2023, serve this Response upon counsel for Plaintiff via electronic service, email and via US Mail at the address listed below:

Catherine Hockensmith, Esquire
The Chavez-Freed Law Office
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Kitty@Chavez-Freedlawoffice.com

KAZI FOODS OF NEW JERSEY, INC.
GENERAL COUNSEL

 /s/ F. Dean Morgan
F. Dean Morgan, Esquire
PA Atty ID:   203088
Kazi Foods of New Jersey, Inc.
General Counsel
17 E. Main Street, Suite 100
Hummelstown, PA 17036
(tel) 717-585-3869
(email) fdmorgan@kazigroup.com
Attorney for Defendants

11