IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T.D.H. <br> also known as <br> MS. HENDERSON, <br>         Plaintiff, <br><br> v. <br><br> KAZI FOODS OF NEW JERSEY, INC., *et al.*, <br>         Defendants. | Civil No. 5:23-cv-00634-JMG |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                                                                   **July 17, 2023**

## I.   OVERVIEW

Plaintiff brings claims pursuant to Title VII of the Civil Rights Act of 1964, as well as related state law claims, arising out of alleged discrimination, sexual harassment, and battery perpetrated by Plaintiff's employer, Defendant Kazi Foods, and three of her supervisors, each of whom are named as individual defendants. Before the Court is Defendants' Motion to Dismiss (ECF No. 5) all counts of the Complaint (ECF No. 1). Because Defendants' Motion primarily asks the Court to conclude Plaintiff's allegations are false by drawing inferences from certain pieces of extraneous evidence, the Court declines to dismiss Plaintiff's Complaint against Kazi Foods at this early stage. However, for the reasons that follow, the Court dismisses Plaintiff's Title VII claims that are brought against her supervisors individually. The Court also dismisses Plaintiff's 42 U.S.C. § 1981 claim against all Defendants, which Plaintiff does not contest.

## II.  BACKGROUND
### a.  Factual and Procedural Background

On February 18, 2023, Plaintiff, T.D.H., filed the instant action against Defendants Kazi Foods of New Jersey, Inc. ("Kazi Foods"), and Kazi Foods employees Nerieda "Gigi" Garcia, Wanda

Rivera, and Yomi Santana, along with unnamed John and Jane Doe Defendants. *See* Complaint [ECF No. 1]. *See also* Parties' Joint Deposition Schedule [ECF No. 15] (providing full names of all named defendants). Defendant Kazi Foods is a franchisee that owns and operates multiple Kentucky Fried Chicken ("KFC") restaurants in Pennsylvania. *Id.* at ¶ 5. Plaintiff's Complaint alleges that after she was hired by Kazi Foods to work at KFC she was subjected to sexual harassment and assault, and was terminated for reporting the misconduct to human resources. *Id.* at ¶¶ 36, 101.

Plaintiff's Complaint brings the following counts: Count I, for unlawful discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* against all Defendants; Count II, for disparate treatment under Title VII against all Defendants; Count III, for harassment quid pro quo under Title VII against all Defendants; Count IV, for hostile work environment under Title VII against all Defendants; Count V, for unlawful retaliation under Title VII against all Defendants; Count VI, for violation of 42 U.S.C. § 1981 against all Defendants; Count VII, for Intentional Infliction of Emotional Distress against all Defendants; Count VIII, for assault against Defendant Garcia; and Count IX, for battery against Defendant Garcia. *See id.* at ¶¶ 56-140.

The Complaint alleges Plaintiff interviewed with Defendant Rivera, a general manager, for a job working at a KFC owned and operated by Kazi Foods. *Id.* at ¶ 10. During the interview, Plaintiff, an African American transgender female, informed Rivera "that she is transgender and her preferred name is Tiffany." *Id.* at ¶ 11. Rivera assured Plaintiff there would be no issues with her gender identity. *Id.* Nevertheless, upon beginning her employment, the Complaint alleges Plaintiff was subjected to the following harassment: Rivera asked Plaintiff "do you go by he or she" in front of customers and other employees; the KFC store manager, Defendant Santana, along with other employees, called Plaintiff a transvestite and a man; and other employees falsely told

Plaintiff food was free for employees, when in fact taking food without paying is grounds for termination. *Id.* at ¶¶ 13-16.

Plaintiff first complained about the harassment to Defendant Rivera. *Id.* at ¶ 17. In retaliation, Plaintiff alleges Defendant Santana's girlfriend tried to fight Plaintiff in the parking lot. *Id.* at ¶ 18. Thereafter, Plaintiff reported the alleged harassment to KFC's corporate customer support number. *Id.* at ¶ 20. The next day, Plaintiff alleges Defendant Rivera informed Plaintiff she could either be terminated or transferred to another KFC store. *Id.* at ¶ 21. Plaintiff elected to transfer stores. *Id.*

Plaintiff alleges the harassment continued at the new KFC store. Defendant Garcia, the manager at Plaintiff's new store, allegedly told Plaintiff she was "so sexy" and "beautiful," had "a very sexy voice," and a "fat ass." *Id.* at ¶¶ 23-25. The comments allegedly became more crude, as Plaintiff alleges Defendant Garcia made comments about Plaintiff's rear and asked Plaintiff sexually charged questions, and on one occasion took Plaintiff's phone and remarked she was searching for naked photographs of Plaintiff. *Id.* at ¶¶ 27, 31.  Defendant Garcia's conduct allegedly became physical, as the Complaint alleges Garcia on occasions would touch Plaintiff's rear and intentionally push her breasts against Plaintiff's body during work, and that Garcia once touched Plaintiff's breasts, commenting "I thought you didn't have any." *Id.* at ¶¶ 27-29. Plaintiff's Complaint also alleges Defendant Garcia acknowledged her conduct constituted sexual harassment but told Plaintiff that Kazi Foods would not fire Garcia. *Id.* at ¶ 26. Plaintiff alleges she told Garcia to stop sexually harassing her. *Id.* at ¶ 35. Due to the harassment, Plaintiff alleges she requested Garcia schedule Plaintiff to work shifts when Garcia was not working, a request Garcia declined. *Id.* at ¶ 33.

Plaintiff alleges she again reported the harassment to KFC's corporate customer service number. *Id.* at ¶¶ 35, 36. The next day, Plaintiff alleges that Defendant Garcia "reported to human resources that she had been accused of sexual harassment by Plaintiff and was uncomfortable working with her." *Id.* at ¶ 37. Thereafter, Defendant Kazi Foods' Director of Risk Management, F. Dean Morgan, notified Plaintiff she was suspended pending an investigation into the allegations. *Id.* at ¶ 38. Morgan also asked Plaintiff if she wanted to be transferred to a different KFC store, and Plaintiff requested she be transferred to the "Manheim" KFC. *Id.* at ¶ 40.

Plaintiff Morgan's investigation of the claims "entailed interviewing Plaintiff and Garcia," and according to the Complaint, did not include a review of the KFC's security camera footage. *Id.* at ¶ 42. Morgan concluded his investigation by determining there was insufficient evidence to prove or disprove the allegations, and that Plaintiff was no longer terminated, and would be able to return to work as soon as her transfer to another KFC was complete. *Id.* at ¶¶ 42-43. However, Plaintiff alleges the transfer "never came." *Id.* at ¶ 44. While awaiting a transfer, Plaintiff e-mailed Morgan advising her last paycheck from the previous KFC location at which she worked had not been deposited to her bank account. *Id.* at ¶ 45. Thereafter, Morgan responded by informing Plaintiff she would be paid, and of the hours and dates for which she would be paid. *Id.* at ¶ 47. Plaintiff responded "by disputing the hours worked and suggesting that KFC hire more professional individuals because her time working there had been disgusting, horrible, and degrading." *Id.* at ¶ 48. Plaintiff alleges Morgan construed Plaintiff's e-mail response as a resignation, but Plaintiff clarified it was not, and further stated "she was sick of being played with and discriminated against and was calling her lawyers." *Id.* at ¶ 51. Plaintiff alleges Morgan responded that Plaintiff's language in her e-mails was unacceptable and thereafter Plaintiff was terminated. *Id.* at ¶¶ 51-52.

4

Defendants filed a Motion to Dismiss Plaintiff's Complaint on April 13, 2023. [ECF No. 5]. Plaintiff filed a response in opposition thereto on April 27, 2023. [ECF No. 6]. Defendant's Motion to Dismiss is ripe for adjudication.

### III. <u>LEGAL STANDARD</u>

"When revieing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must '***accept all factual allegations as true,*** construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Deal v. Nationwide Prop. & Cas. Ins. Co.*, No. 2:22-cv-01269, 2022 U.S. Dist. LEXIS 197203 at *4 (W.D. Pa. Oct. 31, 2022) (quoting *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014)) (emphasis added).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 Fed. Appx. 147, 149 (3d. Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "However, an exception to the general rule is that a 'document integral to or explicitly

relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" *Id.* (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

IV. <u>**ANALYSIS**</u>

    a. **Pennsylvania Human Relations Commission ("PHRC") Filings and Exhibits Do Not Warrant Dismissal of Plaintiff's Complaint**

As an initial matter, Defendants contend that consideration of evidence extrinsic to the complaint demonstrates Plaintiff's claims are "false, misleading, and baseless." *See* Motion to Dismiss at pg. 4 of 24 [ECF No. 5-1]. Defendants contend that, in drafting her complaint, Plaintiff relied upon Defendant Kazi Foods' Response and Exhibits submitted in state administrative proceedings before the Pennsylvania Human Relations Commission ("PHRC"). *Id.* Plaintiff relied on these exhibits in drafting her Complaint, Defendants allege, because Plaintiff's Complaint differs from her earlier complaint filed with the PHRC, and, in making these changes, Plaintiff relied upon Defendant Kazi Foods' PHRC Response and Exhibits. *Id.* at pg. 6 of 24. As such, Defendants ask the Court to consider, in deciding the instant Motion to Dismiss, Plaintiff's PHRC Complaint and Defendant Kazi Foods' Answer and Exhibits, which include purported screenshots of e-mail and text message conversations involving Plaintiff, as well as various employment documents and forms. *Id.*

According to Defendants, Plaintiff relied on Kazi Foods' PHRC Response because, in light of the PHRC Response, the dates of Plaintiff's allegations in her Complaint differ slightly from the dates in alleged in PHRC Complaint, and some allegations contain slightly more detail than those of the PRHC Complaint. *Id.* at pgs. 5-6 of 24. Consideration of the PHRC Response and Exhibits demonstrates Plaintiff's allegations are false, according to Defendants, because the Complaint's allegations refer to e-mail and text message conversations, purported screenshots of which are

6

contained in Kazi Foods' PHRC Exhibits, yet the Complaint falsely characterizes or misrepresents these conversations. *Id.* at pgs. 7-13 of 24.

In response, Plaintiff argues that Defendants arguments "are entirely issues of fact" irrelevant to the adjudication of a motion to dismiss. Brief in Opposition at pg. 15 of 28 [ECF No. 6]. The Court agrees.

Defendants ask the Court to act as a factfinder and draw inferences from these extraneous, isolated pieces of evidence. To make such findings and inferences are improper at the motion to dismiss stage. *See Shetty v. SG Blocks, Inc.*, No. 20-cv-00550, 2020 U.S. Dist. LEXIS 104241 at *14 (E.D.N.Y. June 12, 2020) (declining to grant dismissal based on documentary evidence attached by defendants in support of motion to dismiss, holding "[e]ven if I were to consider all of the defendants' voluminous documentary evidence in deciding the motion, it would not alter the outcome. The purpose of defendants' evidence is to contradict facts stated in the complaint. My decision on a Rule 12(b)(6) motion [] only evaluates whether the complaint states a plausible claim for relief and cannot decide factual disputes."). At the motion to dismiss stage, where the truth of the facts in extraneous documents attached by a defendant to the motion are contested by the complaint itself, the facts alleged in the complaint must prevail. *See Doe v. Princeton Univ.*, No. 19-7853, 2023 U.S. Dist. LEXIS 19298 at *9 (D. N.J. Feb. 6, 2023) (holding, where defendant attached extraneous documents related to a university's internal Title IX investigation to motion to dismiss, that "[w]hen the truth of the facts in the [] Documents are contested by the well-pleaded facts of [the] FAC, the facts in the FAC will prevail.").

Even if the Court were to consider extraneous documents consisting of e-mail and text message screenshots on a motion to dismiss, the exhibits attached by Defendants do not warrant dismissal

of Plaintiff's Complaint. For example, Defendants claim that, because Plaintiff called Defendant Garcia "my love" and "sweetie" in some text messages, this discredits Plaintiff's allegations of harassment and abuse in the workplace. *Id.* at pg. 8 of 24. In another instance, Defendants claim Plaintiff's allegation in the Complaint that "over several emails" on May 24 she supplied Mr. Morgan with "dates, times, and locations for the numerous instances of sexual harassment and assault" is contradicted because one purported screenshot of an e-mail from Plaintiff to Mr. Morgan, according to Defendant, only lists one alleged instance of sexual harassment and one alleged instance of sexual assault. *Id.* at pg. 7 of 24. Defendants' Motion also asks the Court to draw an inference that, because a purported text message screenshot appears to indicate Plaintiff made allegations of sexual harassment after Defendant Garcia asked Plaintiff to produce a doctor's note to verify a medical condition, that Plaintiff's allegations must be false and should be dismissed. *Id.* at pg. 9 of 24. Defendants also contend dismissal is warranted because purported e-mail conversation screenshots allegedly show Plaintiff making unprofessional remarks to Mr. Morgan, and show Mr. Morgan informing Plaintiff her termination was not related to her gender, but rather due to "her willful and wanton misconduct exhibited by the false allegations of payroll tampering and the abusive language she used to the undersigned." *Id.* at pg. 13 of 24. Although a factfinder may consider these pieces of extraneous evidence as casting doubt on some of the allegations contained in Plaintiff's Complaint, they do not, on their face, expressly contradict Plaintiff's allegations.

Finding the factual issues raised by the exhibits to Defendants' Motion do not warrant dismissal, the Court now considers Defendants' specific arguments for dismissal of each count.

8

### b. Count I: Discrimination in Violation of Title VII

To state a Title VII Discrimination claim, a plaintiff must plead they (1) are a member of a protected class; (2) were qualified for the position they held; (3) suffered an adverse employment action; and (4) "the adverse employment action occurred under circumstances that give rise to an inference of discrimination." *Darby v. Temple Univ.*, 216 F. Supp. 535, 541 (E.D. Pa. 2016). Plaintiff "need not convince the court of any of these elements at the motion to dismiss stage, but must submit more than 'the naked assertion that [she] was discharged because' of her membership in a protected class." *Id.* (quoting *Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014)).

Though not explicitly clear in the Compliant, it appears Plaintiff brings Count I against all Defendants: Kazi Foods, Defendants Garcia, Rivera, and Santana, along with unnamed John and Jane Doe Defendants. Defendants Garcia, Rivera, and Santana are all allegedly managers for Kazi Foods' KFC restaurants. Compl. at ¶¶ 6-8. Because "claims against individual supervisors are not permitted under Title VII," the Court dismisses Count I to the extent it is brought against Defendants Garcia, Rivera, and Santana. *Cardenas v. Massey*, 269 F.3d 251, 268 (3d. Cir. 2001). *See also Stallone v. Camden Cnty. Tech. Schs. Bd. of Educ.*, No. 12-cv-7356, 2013 U.S. Dist. LEXIS 131082 at *21-22 (D. N.J. Sept. 13, 2013) ("Title VII provides for liability against employers, not supervisors. Naming a supervisor as a defendant in his official capacity is redundant especially when, as in this case, the employer is also named as a Defendant."); *Gretzula v. Camden County Tech. Sch. Bd. of Educ.*, 965 F. Supp. 2d 478, 485 (D. N.J. 2013) ("if the defendant is not plaintiff's employer, it is irrelevant whether that person was acting in an official or individual capacity, for a Title VII suit may not be properly maintained against the individual") (quoting *Behrens v. Rutgers Univ.*, No. 94-358, 1996 U.S. Dist. LEXIS 22311, 1996 WL 570989

at *8 n.10 (D.N.J. Mar. 29, 1996)). However, for the reasons that follow, the Court allows Count I to proceed against Defendant Kazi Foods.

As to the first (1) element of her discrimination claim, Plaintiff alleges she is a "member of a protected class as a transgender female." Compl. at ¶ 58. Plaintiff's status as a transgender female is a protected trait within the meaning of Title VII. *See Bostock v. Clayton Cty.*, 140 S. Ct. 1731, 1737 (2020) ("An employer who fires an individual for being homosexual or transgender fires that person for traits or actions it would not have questioned in members of a different sex. Sex plays a necessary and undisguisable role in the decision, exactly what Title VII forbids."); *Mayhue v. Core Educ. & Consulting Solutions, Inc.*, No. 11-6955, 2012 U.S. Dist. LEXIS 76934 at *8 (D. N.J. May 31, 2012) ("gender is a protected class and gender discrimination is prohibited under Title VII.") (citing *Andrews v. City of Phila.*, 895 F.2d 1469 (3d Cir. 1990)). Defendants do not dispute Plaintiff's status as member of a protected class. *See* Motion to Dismiss at pg. 17 of 24 [ECF No. 5-1] ("Defendants concede Plaintiff is a member of a protected class.").

As to (2), Plaintiff alleges she was qualified for her position working at KFC, and was in fact hired. Compl. at ¶¶ 12, 59. This too is not disputed by Defendants. *See* Motion to Dismiss at pg. 17 of 24 [ECF No. 5-1] ("Defendants have no evidence to suggest Plaintiff was not qualified to prepare fast food."). As to (3), Plaintiff alleges an adverse employment action: Plaintiff alleges that after reporting workplace harassment, she was given an ultimation to either "be transferred or terminated," and after reporting additional harassment, "she was constructively terminated." *Id.* at ¶¶ 64, 70. Defendants do not dispute Plaintiff was terminated, but aver she was terminated as "the result of her willful and wanton misconduct." Motion to Dismiss at pg. 16 of 24 [ECF No. 5-1]. As to (4), Plaintiff pleads that she was "repeatedly sexually harassed and battered in the workplace," indeed, Plaintiff's Complaint pleads numerous instances of alleged sexual harassment

and assault: that her supervisor, Defendant Rivera, asked Plaintiff her preferred pronouns in front of customers and employees despite having allegedly already known them, that Defendant Santana and other employees called Plaintiff a transvestite, that her other supervisor, Defendant Garcia, made repeated sexual remarks directed toward Plaintiff, touched Plaintiff's breasts, pushed her own breasts against Plaintiff's body, and asked to search Plaintiff's phone for naked photographs. *See* Compl. at ¶¶ 13, 15, 23-31.

An inference of discrimination may be plead "'in a number of ways,' including pointing to 'comparator evidence, evidence of similar discrimination against other employees, or direct evidence of discrimination from statements or actions by the plaintiff's supervisor's suggesting discriminatory animus.'" *Emerson v. Stern & Eisenberg, P.C.*, No. 21-3096, 2022 U.S. Dist. LEXIS 189116 at *12-13 (E.D. Pa. Oct. 17, 2022) (quoting *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 n.2 (3d Cir. 2010)). *See also McGarrigle v. Cristo Rey Phila. High Sch.*, No. 22-4713, 2023 U.S. Dist. LEXIS 66453 at *16 (E.D. Pa. Apr. 17, 2023) ("There is no requirement to plead comparator evidence to support an inference of discrimination and such an inference may be supported by, among other factors, 'evidence of similar [] discrimination of other employees, or direct evidence of discrimination from statements or actions by…supervisors suggesting…animus.") (quoting *Golod v. Bank of America Corp.*, 403 F. App'x 699, 702 n.2 (3d Cir. 2020)); *Miller*, 2020 U.S. Dist. LEXIS 75429 at *16 (Title VII plaintiff "need not plead specifics of similarly situation individuals receiving favorable treatment so long as she has pleaded facts that are adequate to create an inference that the employment discrimination was based on unlawful criteria."); *Soenen v. Keane Frac, LP*, 2021 U.S. Dist. LEXIS 105031 at *9-10 ("Plaintiffs do not need to allege facts identifying potential comparators to survive a motion to dismiss, but they must provide *some* factual information upon which a discrimination claim may

rest.") (emphasis in original). "The fourth element, the inference of discrimination, is, at the motion to dismiss stage, an 'easy burden' to carry." *Miller v. Tithonus Tyrone, L.P.*, No. 3:20-cv-31, 2020 U.S. Dist. LEXIS 75429 at *16 (W.D. Pa. Apr. 29, 2020) (quoting *Finn v. Porter's Pharm.*, No. 15-cv-661, 2015 U.S. Dist. LEXIS 115360 at *7 (W.D. Pa. Aug. 31, 2015)).

The Court finds Plaintiff pleads sufficient evidence to support an inference of discrimination. Defendants contend Plaintiff fails to allege Defendant Rivera's "request for Plaintiff's pronouns" and Defendant Santana and other employees' "references to her as a transvestite or as a man" were made with hostility. Motion to Dismiss at pg. 15 of 24 [ECF No. 5-1]. Defendants go one step further, characterizing these alleged statements as "truthful." *Id.* Plaintiff identifies as a female, therefore allegations that employees referred to Plaintiff as a man and transvestite are undisputedly allegations of false, not truthful statements. *See* Compl. at ¶ 4. "Transvestite" and "transgender" do not mean the same thing. To the extent Defendants challenge the authenticity of Plaintiff's remaining allegations, Defendants will have the opportunity to do so through discovery, for the reasons stated in subsection a *supra*.

Accordingly, the Court dismisses Count I of Plaintiff's Complaint as to Defendants Garcia, Rivera, and Santana, but declines to dismiss Count I as to Defendant Kazi Foods.

   c. **Count II: Disparate Treatment in Violation of Title VII**

To State a Title VII Discrimination claim pursuant to a disparate treatment theory, a Plaintiff must allege: "(1) she is a member of a protected class; (2) she is qualified for the position she sought to retain; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances which could give rise to an inference of intentional discrimination." *Gillis v. Norristown State Hosp.*, No. 22-3362, 2023 U.S. Dist. LEXIS 84880 at *12 (E.D. Pa. May 15, 2023). For the same reasons detailed *supra* as to Count I, the Court

12

dismisses Count II against Kazi Foods managers, Defendants Garcia, Rivera, and Santana, as "claims against individual supervisors are not permitted under Title VII." *Cardenas v. Massey*, 269 F.3d 251, 268 (3d. Cir. 2001). However, also as with Count I, the Court declines to dismiss Count II as to Defendant Kazi Foods.

Here, as discussed *supra*, it is undisputed Plaintiff pleads she is (1) a member of a protected class, and (2) qualified for the position she sought to retain. *See* Motion to Dismiss at pg. 17 of 24 [ECF No. 5-1]. Defendants argue Plaintiff fails to establish the third (3) element because Kazi Foods' decision to transfer Plaintiff was not an adverse employment decision as the transfer was made at Plaintiff's request, and Kazi Foods' decision to termination Plaintiff was "for her false allegations of payroll tampering and the unacceptable, pejorative, and derogatory language used by her in her June 3, 2022 emails." Motion to Dismiss at pgs. 17-18 of 24 [ECF No. 5-1]. However, Plaintiff's Complaint alleges her transfer was not voluntary, as the alternative option was termination. *See* Compl. at ¶ 21. Moreover, Plaintiff's Complaint also alleges she was suspended after reporting instances of sexual harassment. *Id.* at ¶ 38. Lastly, the Complaint alleges Plaintiff was constructively discharged after reporting sexual harassment and battery. *Id.* at ¶ 82. For the reasons discussed *supra* in subsection a, whether the adverse employment action was connected to the alleged discrimination, harassment, and battery is a question of fact not suited for disposition on a motion to dismiss. Moreover, the extraneous assertions of Kazi Foods' employees do not, on their face, demonstrate that the allegations in Plaintiff's Complaint must be false. Taking the allegations stated in the Complaint as true, which the Court must, Plaintiff successfully pleads that she suffered an adverse employment action.

As to the fourth (4) element, Defendants acknowledge an inference of discrimination "can be established in a number of ways, including pointing to comparator evidence, evidence of similar

13

discrimination against other employees, or direct evidence of discrimination from states of actions by the plaintiff's supervisors suggesting discriminatory animus." Motion to Dismiss at pg. 18 of 24 [ECF No. 5-1] (citing *Golod*, 403 F. App'x at 707 n.2). Nevertheless, Defendants argue Plaintiff fails to establish a causal link between the adverse employment action and the alleged discrimination, largely because "Plaintiff's complaints lack credibility." *Id.* Again, whether the evidence and facts borne out in the discovery process support or discredit Plaintiff's allegations is a determination reserved for later stages of litigation. Taking the allegations of Plaintiff's Complaint as true, as this Court must, Plaintiff's allegations that she was subjected to verbal harassment and physical abuse by multiple supervisors due to her gender/sex and/or gender identity and suspended, transferred and ultimately discharged in the wake of this alleged conduct are sufficient, at this early stage of litigation, to raise an inference of intentional discrimination. *See Miller*, 2020 U.S. Dist. LEXIS 75429 at *16 ("The fourth element, the inference of discrimination, is, at the motion to dismiss stage, an 'easy burden' to carry.") (quoting *Finn*, 2015 U.S. Dist. LEXIS 115360 at *7).

Accordingly, the Court dismisses Count II of Plaintiff's Complaint as to Defendants Garcia, Rivera, and Santana, but declines to dismiss Count II as to Defendant Kazi Foods.

### d. Count III: Harassment Quid Pro Quo in Violation of Title VII

"[T]here are two types of sexual harassment that are actionable under Title VII: 1) hostile work environment and 2) quid pro quo sexual harassment." *Whetstine v. Woods Servs.*, No. 21-02289, 2022 U.S. Dist. LEXIS 12893 at *14 (E.D. Pa. Jan. 24, 2022). To plead a claim of harassment quid pro quo, a plaintiff must allege: "unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature…when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment or (2) submission to or

rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual." *Id.* at 18-19 (quoting *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1296 (3d Cir. 1997)). As summarized in the subsections *supra*, Plaintiff's Complaint alleges numerous specific instances of unwelcome sexual harassment and battery. The Complaint further alleges "Plaintiff was forced to submit to management and other employees' sexual harassment and battery or she would have been terminated," alleging specifically that "Plaintiff was forced to submit to Defendant Garcia's unwanted and unwelcome sexual harassment and battery for her employment to continue" and that Plaintiff's request her shift be changed "was denied because" her supervisor, Defendant Garcia, "wanted to continue harassing and assaulting Plaintiff because of her gender." Compl. at ¶¶ 85-87. Plaintiff alleges that when she "complained to management above Garcia, her employment status was materially changed via suspension, then discharge." *Id.* at ¶ 88.

Defendants move for dismissal of Count III on the grounds that the PHRC exhibits cast doubt on the veracity of Plaintiff's sexual harassment allegations and "the evidence shows" that Plaintiff sought to reduce her work hours, and "Plaintiff has not set forth any facts to support her conclusion that a seven day delay in processing a transfer request over a holiday weekend was in any way related to her gender or the allegations of sexual harassment." *See* Motion to Dismiss at pgs. 19-20 of 24 [ECF No. 5-1]. At this stage, Plaintiff merely must plead specific factual allegations of harassment and that her "submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual." *Bonenberger v. Plymouth Township*, 132 F.3d 20, 27 (3d Cir. 1997). At this early stage, Plaintiff has done so. Plaintiff pleads numerous allegations of sexual harassment and battery allegedly perpetrated by her supervisors and that her failure to acquiesce to this conduct was used as the basis for employment decisions, such as the

transfer, suspension, and termination of Plaintiff. Defendants argue the evidence, such as that contained in the PHRC Exhibits, casts doubt on the merits of these allegations. Defendants will have the opportunity to challenge the credibility of Plaintiff's allegations through discovery and at the later stages of litigation as explained in subsection a *supra*. As such, the Court finds that Plaintiff's Complaint states a claim of Title VII quid pro quo harassment against Defendant Kazi Foods.

Once again, however, Count III appears to be brought against all Defendants, including the individual Defendants Garcia, Rivera and Santana. For the same reasons detailed *supra* as to Counts I and II, the Court dismisses Count III against Kazi Foods managers, Defendants Garcia, Rivera, and Santana, as "claims against individual supervisors are not permitted under Title VII." *Cardenas v. Massey*, 269 F.3d 251, 268 (3d. Cir. 2001). However, also as with Counts I and II, the Court declines to dismiss Count III as to Defendant Kazi Foods.

### e. Count IV: Hostile Work Environment in Violation of Title VII

To state a Title VII claim for hostile work environment, a Plaintiff must allege: "(1) intentional discrimination because of her race or sex; (2) the discrimination is severe or pervasive; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person in like circumstances; and (5) the existence of *respondeat superior* liability." *Gillis*, 2023 U.S. Dist. LEXIS 84880 at *14. "Less severe isolated incidents which would not themselves rise to the level of discrimination may, when taken together as part of the overall scenario, evidence discriminatory animus, and one severe incident may be enough to create a hostile work environment." *Starnes v. Butler Cty. Court of Common Pleas*, 971 F.3d 416, 428 (3d Cir. 2020) (quoting *Komis v. Sec'y of U.S. Dep't of Labor*, 918 F.3d 289, 293-94 (3d Cir. 2019)).

As recited and referenced in the sections *supra*, Plaintiff's Complaint alleges she was "repeatedly sexually harassed and battered in the workplace," indeed Plaintiff's Complaint pleads numerous instances of alleged sexual harassment and assault: that her supervisor, Defendant Rivera, asked Plaintiff her preferred pronouns in front of customers and employees despite having allegedly already known them, that Defendant Santana and other employees called Plaintiff a transvestite, that her other supervisor, Defendant Garcia, made repeated sexual remarks directed toward Plaintiff, touched Plaintiff's breasts, pushed her own breasts against Plaintiff's body, and asked to search Plaintiff's phone for naked photographs. *See* Compl. at ¶¶ 13, 15, 23-31.

The Complaint alleges respondeat superior liability exists, as much of the aforementioned alleged conduct was perpetrated by Kazi Foods' supervisors, such as Defendants Rivera, Garcia, and Santana. *Id.* at ¶ 96. Defendants claim that Plaintiff fails to state a claim for hostile work environment because the Complaint does not plead allegations of conduct that "rise above 'simple teasing, offhand comments, or isolated incidents.'" Motion to Dismiss at pg. 21 of 24 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998)). Defendants further contend that "[a]part from an appropriate question related to her preferred pronouns, Plaintiff fails to identify any comments made directly to her." Id. The Court disagrees, and finds that Plaintiff's Complaint sufficiently pleads allegations of conduct that rises above simple teasing or offhand comments. The Complaint alleges Plaintiff was called a transvestite, that Defendant Garcia repeatedly told Plaintiff she was "so sexy," had "a very sexy voice," had "a fat ass," that her rear was "soft," asked Plaintiff "how can you handle anal sex?," intentionally pressed her breasts against Plaintiff's body, touched Plaintiff's breasts and commented "I thought you didn't have any," and even took Plaintiff's phone and "started looking through it for 'naked pictures of you and your penis.'" *See* Compl. at ¶¶ 13-31. This alleged conduct goes far beyond the occasional offhand comment, and

Plaintiff sufficiently alleges a hostile work environment. Defendant will have the opportunity through discovery, and as litigation progresses, to challenge the truth of these allegations. However, at the motion to dismiss stage, the Court must find that Plaintiff successfully alleges a hostile work environment claim against Defendant Kazi Foods.

As with Counts I-III, to the extent Count IV is brought against all Defendants, the Court dismisses Count IV against Kazi Foods managers, Defendants Garcia, Rivera, and Santana, as "claims against individual supervisors are not permitted under Title VII." *Cardenas v. Massey*, 269 F.3d 251, 268 (3d. Cir. 2001). However, also as with Counts I-III, the Court declines to dismiss Count IV as to Defendant Kazi Foods.

### f. Count V: Retaliation in Violation of Title VII

To state a Title VII claim for retaliation, a Plaintiff must allege: "(1) she engaged in activity protected by Title VII"; (2) her employer "took an adverse action against her"; and (3) "a causal link between her protected activity" and the employer's adverse action exists. *Gillis*, 2023 U.S. Dist. LEXIS 84880 at *18. "An employee engages in protected activity when she opposes an employment practice prohibited by Title VII." *Gilbert v. Milton Hershey Sch.*, No. 1:16-cv-1798, 2017 U.S. Dist. LEXIS 139500 at *13 (M.D. Pa. Aug. 30, 2017).

Defendants move for dismissal of Count V on the grounds that "Plaintiff offers no factual support for her claim that the delay in processing the transfer to the store of her choice was related to her gender or her allegations" and Plaintiff "was terminated for falsely alleging that [Defendant] Garcia manipulated her payroll records and for the derogatory language she used" a decision Defendants argue "was unrelated to gender." Motion to Dismiss at pg. 22 of 24 [ECF No. 5-1].

Whether Defendants' transfer and termination of Plaintiff was unrelated to her allegations of sexual harassment and discrimination is an issue of fact not suited for adjudication on a motion to dismiss. Accordingly, the Court will deny Defendants' motion to dismiss Count V of the Complaint as to Defendant Kazi Foods. However, as with Counts I-IV, to the extent Count V is brought against all Defendants, the Court dismisses Count V against Kazi Foods managers, Defendants Garcia, Rivera, and Santana, as "claims against individual supervisors are not permitted under Title VII." *Cardenas v. Massey*, 269 F.3d 251, 268 (3d. Cir. 2001).

### g. Count VI: Violation of 42 U.S.C. § 1981

Defendants move for dismissal of Count VI. Plaintiff agrees count VI "is inappropriate for this action and should be dismissed." Response in Opposition at pg. 22 of 28 [ECF No. 6]. According, the Court dismisses Count VI of the Complaint.

### h. Because Some of Plaintiff's Federal Claims Survive, the Court Declines to Dismiss Counts VII, VIII, and IX for Lack of Subject Matter Jurisdiction

Defendants move for dismissal of Counts VII, VIII, IX in the event the Court grants Defendants' motion for dismissal of Counts I-VI for lack of supplemental jurisdiction. Motion to Dismiss at pg. 23 of 24 [ECF No. 5-1]. Because Counts I-V survive against at least one Defendant, the Court declines to dismiss Counts VII, VIII, and IX and properly retains supplemental jurisdiction over these claims. *Sarpolis v. Tereshko*, 625 Fed. Appx. 594, 598 (3d Cir. 2016) ("Federal courts may exercise supplemental jurisdiction over claims that share 'a common nucleus of operative fact' with claims over which the district court has original jurisdiction.'") (quoting *Sinclair v. Soniform*, Inc., 935 F.2d 599, 603 (3d Cir. 1991)).

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted in part and denied in part.

An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge