IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T.D.H. : | |
| also known as : | |
| MS. HENDERSON, : | |
|         Plaintiff, : | |
| : | |
| v. : | Civil No. 5:23-cv-00634-JMG |
| : | |
| KAZI FOODS OF NEW JERSEY, INC., *et al.*, : | |
|         Defendants. : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                       **July 31, 2023**

## I. OVERVIEW

Plaintiff, a transgender woman, seeks to proceed anonymously on claims against her former employer arising out of alleged discrimination, harassment, and assault in the workplace. Although Plaintiff's status as a transgender woman of color places her at risk of violence and discrimination, the factors considered by Third Circuit courts in deciding motions to proceed anonymously weigh against anonymity, largely due to Plaintiff's failure to keep her identity confidential in both the Complaint and a similar lawsuit filed last year. As such, the Court does not find this is one of the "exceptional cases" warranting a breach of "the public's common law right of access to judicial proceedings" where Plaintiff should be permitted to proceed anonymously. *Homesite Ins. Co. of the Midwest v. Ewideh*, No. 1:22-cv-1664, 2023 U.S. Dist. LEXIS 12727 at *4 (M.D. Pa. Jan. 26, 2023). Accordingly, for the reasons stated herein, Plaintiff's motion is denied.

## II. **BACKGROUND**

Plaintiff filed her Complaint under the name "T.D.H. a/k/a 'Ms. Henderson'" on February 18, 2023. [ECF No. 1]. In their Motion to Dismiss, filed on April 13, 2023, Defendants raised the issue of Plaintiff's failure to identify herself pursuant to Fed. Riv. Civ. P. 10(a), arguing "[w]here, as here, a Plaintiff seeks to proceed under a pseudonym, the Plaintiff must first obtain permission of the Court. Plaintiff failed to do so and, as such, the Complaint must be dismissed." Motion to Dismiss at pg. 24 of 24 [ECF No. 5-1]. Rather than dismiss the Complaint on these grounds, at the Rule 16 Conference, the Court instructed Plaintiff to file a motion to proceed under pseudonym if she wished to proceed anonymously in this action. Thereafter, on June 21, 2023, Plaintiff filed the instant Motion to Proceed Under a Pseudonym. [ECF No. 16]. Defendant filed a Response in Opposition thereto on June 23, 2023. [ECF No. 17]. The Plaintiff's Motion (ECF No. 16) is now ripe for adjudication.

## III. **LEGAL STANDARD**

"Federal Rule of Civil Procedure 10(a) requires a plaintiff to identify the parties by their real names in the complaint." *Doe v. City of Philadelphia*, No. 23-0342, 2023 U.S. Dist. LEXIS 107586 at *2 (E.D. Pa. June 21, 2023). Indeed, "[o]ne of the essential qualities of a Court of Justice is that its proceedings should be in public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Daubney v. Cooper*, 109 Eng. Rep. 438, 441 (K.B. 1829)). "While not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously." *Id.* at 408. "Decisions regarding whether to allow a party proceed under a pseudonym are consigned to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion." *Homesite Ins. Co. of the Midwest v. Ewideh*, No. 1:22-cv-1664, 2023 U.S. Dist. LEXIS 12727 at *3-4 (M.D. Pa. Jan. 26, 2023).

In deciding a motion to proceed in pseudonym, courts in the Third Circuit consider the following non-exhaustive list of factors in favor of anonymity:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409. Courts in the Third Circuit also consider the following non-exhaustive list of factors disfavoring anonymity:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* To prevail on a request for anonymity, a plaintiff must demonstrate "both (1) fear of severe harm, and (2) that the fear of severe harm is reasonable." *Brownlee v. Monroe Cty. Corr. Facility*,

No. 1:18-cv-1318, 2019 U.S. Dist. LEXIS 83752 at *5 (M.D. Pa. May 17, 2019) (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)).

IV. **ANALYSIS**

Although "[p]roceeding under a fictitious name is an unusual measure reserved for exceptional cases," this Court takes seriously the "private and intimate nature of being transgender as well as the widespread discrimination, harassment, and violence faced by these individuals." *Doe v. Shawnee Holding, Inc.*, No. 3:21-cv-01037, 2022 U.S. Dist. LEXIS 46042 at *2-3 (M.D. Pa. Mar. 15, 2022) (quoting *Doe v. Ind. Black Expo, Inc.*, 932 F. Supp. 137, 139 (S.D. Ind. 1996)), *then Doe v. Genesis Healthcare*, 535 F. Supp. 3d 335, 339 (E.D. Pa. 2021). Accordingly, despite Plaintiff's failure to seek leave to proceed under a pseudonym, as noted in Defendants' Motion to Dismiss [ECF No. 5], the Court instructed Plaintiff to file a motion to proceed under pseudonym at the Initial Rule 16 Conference, which Plaintiff did file on June 21, 2023. [ECF No. 16]. The Court carefully considers Plaintiff's Motion according to the nine factors identified by Third Circuit courts.

This first factor, the extent to which the identity of the litigant has been kept confidential, weighs strongly against proceeding anonymously. Plaintiff's Complaint reveals Plaintiff's last name and initials in the case caption, and then Plaintiff's preferred first name in paragraph 11. *See Doe v. Felician Univ.*, No. 2:18-cv-13539, 2019 U.S. Dist. LEXIS 82496 at *7-8 (E.D. Pa. May 15, 2019) (Plaintiff's inclusion of specific details and certain identifying information in complaint and filings weighed against plaintiff's desire to proceed anonymously). Moreover, as Defendants' Response identifies, Plaintiff filed a similar employment discrimination lawsuit against a different defendant in January 2022, wherein she did not proceed under a pseudonym. *See* Response at pg. 2 of 11 [ECF No. 17]. Plaintiff's decision not to keep her identity confidential in a similar lawsuit

filed last year, along with Plaintiff's decision to reveal her last name, middle initial, and preferred first name in this action's Complaint, strongly weigh against proceeding anonymously. *See B.L. v. Featherman*, No. 22-3471, 2023 U.S. Dist. LEXIS 21118 at *8-9 (D. N.J. Feb. 8, 2023) (denying Plaintiff request to proceed in pseudonym where complaint detailed events that identified plaintiff).

Next, the Court considers the second factor, the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases. Plaintiff avers that "disclosure is feared here because, as a black transgender woman, Plaintiff is at a higher risk to be the victim of violence and other discrimination." Motion at pg. 2 of 4 [ECF No. 16]. Plaintiff's Motion cites evidence of physical violence perpetrated against transgender individuals, particularly those of color, as well as a hostile political climate and legislation negatively impacting transgender persons. *Id.* at pgs. 2-3 of 4. Because courts in the Third Circuit "have allowed anonymity due to the private and intimate nature of being transgender as well as the widespread discrimination, harassment, and violence faced by these individuals" the Court finds this factor weighs in favor of proceeding anonymously. *Doe v. Genesis Healthcare*, 535 F. Supp. 3d 335, 339 (E.D. Pa. 2021).

The third factor considers the magnitude of the public interest in maintaining the confidentiality of the litigation. "This factor supports anonymity, if 'others similarly situated would be deterred from litigating claims that the public would like to have litigated' if they could not proceed pseudonymously." *Doe v. Pa Dep't of Corr.*, 585 F. Supp. 3d 797, 806 (W.D. Pa. 2022) (quoting *Megless*, 654 F.3d at 410). Here, others similarly situated to Plaintiff would not be deterred from litigating claims if they could not proceed anonymously, because Plaintiff's own Complaint reveals her preferred first name, middle initial, and last name. Moreover, just last year, Plaintiff filed a lawsuit bringing similar claims without proceeding anonymously. *See* Response at

pg. 2 of 11 [ECF No. 17]. A Plaintiff that has proceeded on similar claims without anonymity as recently as last year, and who reveals their name in their complaint would not be deterred from litigating claims if they could not proceed anonymously. Accordingly, the Court finds this factor weighs against proceeding anonymously.

The fourth factor considers whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities. "[P]ermitting a party to use a pseudonym runs afoul of the public's common law right of access to judicial proceedings." *Homesite*, 2023 U.S. Dist. LEXIS 13727 at *4. "Nonetheless, 'in exceptional cases courts have allowed a party to proceed anonymously.'" *Id.* (quoting *Megless*, 654 F.3d at 408). In considering this factor, courts consider whether the Plaintiff's "claims are purely legal in nature, such that there is an 'atypically weak public interest in knowing the litigants' identities.'" *Doe v. City of Philadelphia*, 2023 U.S. Dist. LEXIS 107586 at *10 (quoting *Megless*, 654 F.3d at 409). Here, because Plaintiff's claims invoke significant factual questions about the alleged discrimination, harassment, assault, and hostile work environment to which Plaintiff was subjected, Plaintiff's claims are not purely legal in nature and there is not an atypically weak public interest in knowing the litigants' identities. *See Doe v. City of Philadelphia*, 2023 U.S. Dist. LEXIS 107586 at *10-11 (holding "atypically weak public interest in knowing litigants' identities" factor weighed against anonymity where plaintiff's claims "involve[d] significant factual questions about [] alleged harassment and assault"). Therefore, because Plaintiff's claims invoke significant factual questions as opposed to purely legal questions, there is not an atypically weak public interest in knowing the litigants' identities, and this factor weighs against proceeding anonymously.

The fifth factor considers whether Plaintiff "will refuse to pursue this litigation if she is required to publicly identify herself." *Doe v. City of Philadelphia*, 2023 U.S. Dist. LEXIS 107586

at *11. Plaintiff's Motion avers she "would be inclined to discontinue litigation if her identity was revealed." *See* Motion at pg. 3 of 4 [ECF No. 16]. However, as Defendants' Response identifies, Plaintiff filed a similar employment discrimination lawsuit against a different defendant in January 2022, wherein she did not proceed under a pseudonym. *See* Response at pg. 2 of 11 [ECF No. 17]. Moreover, Plaintiff's Complaint in the instant action reveals Plaintiff's last name and initials in the case caption, and then Plaintiff's preferred first name in paragraph 11. Because Plaintiff voluntarily identifies herself in recent litigation, and in the instant action, and does not explicitly state she will certainly discontinue this litigation if her identity is revealed, the Court finds this factor weighs against proceeding anonymously.

The sixth factor considers whether the party seeking to sue anonymously has illegitimate or ulterior motives. Plaintiff avers her "only interest in maintaining anonymity is based on her safety, and not ulterior motives." *See* Motion at pg. 3 of 4 [ECF No. 16]. The Court agrees, and does not find Plaintiff has any illegitimate or ulterior motives. Accordingly, this factor weighs in favor of proceeding anonymously.

The final three factors, "the factors which militate against the use of a pseudonym" are: (7) "the universal level of public interest in access to the identities of litigants"; (8) "whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained"; and (9) "whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated." *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997).

The seventh factor weighs against proceeding anonymously because "[t]he Third Circuit has 'acknowledged the thumb on the scale that is the universal interest in favor of open judicial proceedings.'" *Doe v. City of Philadelphia*, 2023 U.S. Dist. LEXIS 107586 at *12 (quoting *Megless*, 654 F.3d at 411). The eighth factor weighs in favor of proceeding anonymously because this case does not involve a public figure or public entity such that the public interest in this case would be stronger than the public interest which is normally obtained. The ninth factor weights against proceeding anonymously because there is no accusation or evidence suggesting the opposition to pseudonym is illegitimately motivated.

This Court is mindful of the serious and disproportional harassment and violence faced by women and members of the transgender community. In exercising its discretion to determine whether a party may proceed anonymously, however, this Court applies the nine factors commonly considered by Third Circuit courts to the specific circumstances of this Plaintiff and this action. Here, largely due to Plaintiff's voluntary decisions to identify herself in recent similar litigation and to reveal identifying information in the instant action, the Court finds that a clear majority, six of the nine factors, weigh against permitting Plaintiff to proceed anonymously. As such, the Court does not find this is one of the "exceptional cases" warranting a breach of "the public's common law right of access to judicial proceedings" where Plaintiff should be permitted to proceed anonymously. *Homesite*, 2023 U.S. Dist. LEXIS 12727 at *4. Plaintiff's Motion to Proceed Under a Pseudonym (ECF No. 16) is denied. Plaintiff is directed to file an amended complaint, consistent with this Court's June 17, 2023 Opinion and Order (ECF Nos. 19, 20), that reflects her true identity on or before August 14, 2023.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Proceed Under a Pseudonym (ECF No. 16) is denied. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge